JUSTICE SAMOUR, concurring in part and dissenting in part.
 

 JUSTICE HOOD does not participate.
 

 ¶40 My colleagues in the majority and I are generally on the same page in this case. I write separately because I disagree that the proportionality analysis must be conducted with regard to each individual per diem fine, as opposed to the total fine of $ 841,200. Like the court of appeals, I would focus on the aggregate fine that the Director imposed, which is what triggered Dami's appeal. Dami has never argued that the daily fine of $ 250 to $ 500 is unconstitutionally excessive; rather, Dami has contended all along that the $ 841,200 fine is.
 

 ¶41 I agree that section 8-43-409(1), C.R.S. (2018), required the Director to impose a penalty on Dami, and that once Dami obtained insurance coverage (after receiving the notice from the Director), the only available penalty was a fine of between $ 250 and $ 500 for every day Dami was noncompliant.
 
 [1]
 
 But the penalty imposed in October 2014-the state action Dami complains about-was the $ 841,200 fine, not the per diem rate of $ 250 to $ 500. As the majority acknowledges, the Director did not send Dami a notice at the beginning of the violation period to inform it that he intended to impose a prospective fine of $ 250 to $ 500 every day until it obtained the required insurance. Maj. op. ¶ 34. Had he done so, I might accept looking at the daily fine to determine constitutional proportionality. Instead, he waited
 
 more than seven years
 
 to contact Dami about a purported violation and then imposed a
 
 retroactive
 
 fine of almost a million dollars.
 
 [2]
 
 To be sure, Dami, as an employer, was responsible for complying with section 8-43-409(1).
 

 Id.
 

 But I nevertheless find it troubling that, under today's decision, if the Director retroactively imposes a "staggeringly high-dollar aggregate" fine,
 

 id.
 

 , simply because he delayed taking action to correct a potential violation, the employer's only recourse is to argue that the daily fine amount is excessive.
 

 ¶42 The majority today holds that the Eighth Amendment offers Dami protection against excessive fines.
 
 Id.
 
 at ¶¶ 18, 26, 38. I wholeheartedly agree. Unfortunately, the majority opinion, at least in this context, has no teeth because it says that Dami is restricted to challenging the daily fine amount. That's where the majority and I part company. I would conclude that, to be meaningful, the proportionality analysis has to focus on the total fine the Director required Dami to pay ($ 841,200), not the daily fine amount ($ 250 to $ 500) used to calculate the total fine. In my view, to focus on the daily fine amount instead of the total fine Dami must pay renders the entire constitutional analysis an exercise in futility.
 

 ¶43 Notably, under the majority's analytical framework, if the Director had waited twelve years to contact Dami and then imposed a retroactive fine of over two million dollars ($ 500 × 4,380 days), the outcome would be identical: Dami would still be limited to challenging whether the daily fine amount of $ 250 to $ 500 is excessive. The same would be true if the Director had contacted Dami within a month of a potential violation and imposed a total fine of only $ 15,000 ($ 500 × 30 days). Stated differently, whether a fine of over two million dollars is excessive and whether a fine of $ 15,000 is excessive both depend on whether the daily fine amount of $ 250 to $ 500 is excessive. Hence, in evaluating the constitutionality of a section 8-43-409 fine under the Eighth Amendment's Excessive Fines Clause, the majority renders the total amount of the fine imposed completely inconsequential. To my mind, that greatly risks immunizing the Director and the statute from constitutional attack under the Eighth Amendment.
 
 [3]
 
 So
 long as the daily fine amount is not excessive, it matters not whether the Director imposes a $ 1,000 fine or a $ 10,000,000 fine.
 

 ¶44 The reality here is that the Director imposed a one-time, aggregate fine retroactively when he advised Dami in October 2014 that it was required to pay $ 841,200. He did not impose a fine in the amount of $ 250 to $ 500 1,698 times (a fine each day Dami was in violation of section 8-43-409(1) ).
 
 [4]
 
 Given that the Eighth Amendment's Excessive Fines Clause applies, Dami should be allowed to challenge the constitutionality of the Director's action-i.e., the one-time, aggregate fine imposed after the fact in October 2014.
 

 ¶45 Accordingly, like the majority, I would reverse the judgment of the court of appeals and remand the case with instructions to have it returned to the Division of Workers' Compensation. However, I would do so on slightly different grounds. For this reason, I respectfully concur in part and dissent in part.
 

 The statute also contemplates a cease-and-desist order and an order for injunctive relief as potential penalties.
 
 See
 
 § 8-43-409(4) ("The issuance of an order to cease and desist, the imposition of a fine ..., or the issuance of an order for injunctive relief ... shall be the penalty ...."). However, issuing such an order after Dami had come into compliance with the insurance mandate wouldn't have made sense.
 

 Dami went without coverage between August 10, 2006 and June 8, 2007, and again between September 12, 2010 and July 9, 2014. The Director did not attempt to notify Dami about a potential violation until February 19, 2014. He then waited until June 25, 2014, to mail a second notice to a different address.
 

 In some circumstances, such as when a fine is the only feasible penalty, the Director is required by the statute to impose a retroactive fine, the total amount of which is calculated by multiplying the number of days an employer was noncompliant times $ 250 to $ 500.
 

 I understand that section 8-43-305, C.R.S. (2018), provides that "[e]very day during which any employer ... fails to perform any duty imposed by articles 40 to 47 of this title shall constitute a separate and distinct violation thereof." But the fact remains that the Director imposed a one-time, aggregate, retroactive fine in the amount of $ 841,200.